UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DESMOND CLAYTON, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) Cause No. 1:13-cv-854-JMS-DML |
| | ) |
| SUPERINTENDENT OF PENDLETON CORRECTIONAL FACILITY, | ) |
| | ) |
| Respondent. | ) |

**Entry and Order Dismissing Action**

**I.**

Desmond Clayton seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. ISR 13-02-0115. In that proceeding, Clayton was found guilty of assault on staff. The evidence favorable to the hearing officer's decision is that during the early afternoon of February 26, 2013, Clayton physically resisted Officer Pruitt at the Pendleton Correctional Facility after the latter had instructed Clayton to return to his cell.

Contending that the proceeding is tainted by constitutional error, Clayton seeks a writ of habeas corpus. The Court finds, however, that there was no error of that nature and that Clayton's habeas petition must therefore be **denied.** This conclusion rests on the following facts and circumstances:

1.  Clayton is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. ' 2254(a). Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)).

2. In these circumstances, Clayton was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

3. Under *Wolff* and *Hill,* Clayton received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Clayton was given the opportunity to appear before the hearing and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of its findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions imposed.

4. Clayton challenges the sufficiency of the evidence, and in doing so also argues that the proper charge would have been resisting staff. The charging decision, however, is a matter within the discretion of prison administrators, subject to whether sufficient evidence—"some evidence"—is then adduced to support whatever decision is made. A federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993). In this case, Clayton's actions caused Officer Pruitt's pinky finger to be twisted inside Clayton's handcuffs. He then proceeded to try to

pull Officer Pruitt into the cell with him. Although Clayton is correct that his actions could have been viewed as resisting, a different offense, it is also true that a reasonable adjudicator could have found him guilty of assault on staff. *See Hill,* 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

5.  "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Clayton to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 11/14/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Desmond Clayton
No. 749723
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Electronically Registered Counsel